IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN V. IMMEL,

    Plaintiff,

vs.                                          No. 3:16-cv-00522-DRH

UNITED STATES OF AMERICA,

    Defendant.

**ORDER**

**HERNDON, District Judge:**

**INTRODUCTION**

This matter is before the Court on petitioner John v. Immel's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1) and Assistant Federal Public Defender David Brengle's Motion (Doc. 5) to Withdraw. The Government filed a response (Doc. 7) to the motion to withdraw concurring in the assessment that the petitioner is not entitled to any relief. Petitioner filed a Response (Doc. 9). Included in the petitioner's Response is a Motion for Recruitment of Counsel (Doc. 9).

For the following reasons, the Court grants the motion to withdraw, denies Immel's § 2255 motion, and denies Immel's motion for recruitment of counsel.

**BACKGROUND**

In September 1997 Jon Immel was arrested for armed robberies of the United Missouri Bank (UMB) and the Centralia Savings Bank in southern Illinois. On the eve of trial, he pleaded guilty to two counts of armed bank robbery in

violation of 18 U.S.C. § 2113(a),(d); two counts of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1); and one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1).

On November 20, 1998, at a time when the sentencing guidelines were binding and mandatory, the late Judge Riley sentenced Immel to a total term of 363 months. (Crim. Docket 58, 62). Judge Riley imposed concurrent sentences of 63 months, the guideline minimum, for the two armed bank robberies and the firearm possession. However, the violations of § 924(c) carried mandatory minimum sentences. As to these counts, Judge Riley sentenced Immel to statutory-minimum consecutive sentences for both § 924(c) offenses, five years for the first, and 20 years for the second. *U.S. v. Immel*, 215 F.3d 1331 (7th Cir. 2000). Immel's direct appeal was dismissed after defense counsel filed an *Anders* brief. *Id.*

On May 11, 2016, Immel filed a *pro se* petition seeking relief under *Johnson v. United States,* 135 S. Ct. 2551 (2015). On May 17, 2016, pursuant to this Court's Administrative Order 176, Assistant Federal Public Defender David Brengle entered his appearance on behalf of Immel (Doc. 4). Thereafter, AFPD Brengle filed a motion to withdraw as attorney stating Immel does not have a valid *Johnson* claim because he was not sentenced as an armed career criminal or as a career offender (Doc. 5). The United States agrees with AFPD Brengle's assessment and his concession that Immel's petition for *Johnson* relief should be denied. Additionally, the government argues that, because Bank Robbery (18

U.S.C. § 2113) is undeniably a "crime of violence" under Seventh Circuit precedent, Immel's application should be denied.

Immel was permitted an opportunity to respond (Doc. 9). The Court has reviewed Immel's response and finds that he offers no additional arguments that would alter this Court's findings. Immel's response includes a request for recruitment of counsel. The Court addresses that request separately at the end of this Order.

## DISCUSSION

**Applicable Legal Standard**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if, "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

***Johnson v. United States***

In *Johnson v. United States,* 135 S. Ct. 2551 (2015), the Supreme Court addressed the constitutionality of a certain portion of the Armed Career Criminal Act ("the ACCA"). Under the ACCA, "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony.' " *Id*. at 2555. The statute defines a violent felony as follows: "any crime punishable by imprisonment for a term exceeding one year ... that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [commonly called the "force" clause]; or (ii) is burglary, arson, or extortion, involves use of explosives [commonly called the "enumerated offenses"], or *otherwise involves conduct that presents a serious potential risk of physical injury to another* [commonly called the "residual" clause]." 18 U.S.C. § 924(e)(2)(B) (emphasis added). As noted, the portion of § 924(e)(2)(B)(ii) italicized by the Court is known as the residual clause. In *Johnson,* the Supreme Court held imposition of an enhanced sentence under the residual clause of the ACCA violates due process because the vagueness of the clause "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. Importantly, the Supreme Court in *Johnson* did not strike any other provision of the ACCA, including subsection (i) - the force clause. *Johnson*, 135 S. Ct. at 2563.

Although *Johnson* involved the residual clause of the ACCA, it *may* also have implications for defendants who received a sentencing adjustment based on

a cross reference in U.S.S.G. § 2K2.1 to the residual clause in the career-offender guideline, U.S.S.G. § 4B1.2(a). This is because the career-offender guideline contains an identically worded residual clause, U.S.S.G. § 4B1.2(a)(2). Whether the holding of *Johnson* applies to the career-offender guideline is an issue that is currently pending before the Seventh Circuit. *See United States v. Rollins*, 13-1731 (7th Cir. argued Dec. 2, 2015); *United States v. Hurlburt*, 14-3611 (7th Cir. argued Dec. 2, 2015); *United States v. Gillespie*, 15-1686 (7th Cir. argued Dec. 2, 2015).

In summary, *Johnson* held that the imposition of an enhanced sentence under the residual clause of the ACCA is an unconstitutional violation of due process. But, *Johnson* did not invalidate the imposition of an enhanced sentence under other provisions of the ACCA, including the force clause. The Supreme Court's decision in *Johnson* may also invalidate sentencing adjustments under the residual clause of the career-offender guideline. However, whether *Johnson* applies to the career-offender guideline remains an open question.

**Application**

Immel did not receive a sentencing enhancement under the residual clause of the ACCA in relation to prior convictions for a violent felony (§ 924(e)(2)(B)(ii), held unconstitutional in *Johnson*). Accordingly, the holding in *Johnson* is not directly applicable. Additionally, Immel did not receive a sentencing enhancement under the similarly worded residual clause in the career-offender guideline (U.S.S.G. § 4B1.2(a)(2), which *may* be invalid under *Johnson*). Thus, the open

question pertaining to *Johnson*'s application to the career-offender guideline is not applicable.

Instead, Immel's sentencing enhancement was premised on his use of a firearm during and in relation to a crime of violence in violation of §924(c). Presumably, Immel feels that *Johnson*, which involved the unconstitutionally vague definition of "violent felony" contained in the ACCA's residual clause, has implications for the sentencing enhancement he received in relation to using a firearm during and in relation to a "crime of violence." The Court disagrees.

Section 924(c)(3), in relevant part, defines "crime of violence" as a felony that "has an element the use, attempted use, or threatened use of physical force against the person or property of another". 18 U.S.C. § 924(c)(3). This portion of §924(c)(3) is nearly identical to the so-called force clause in §924(e)(2)(B)(i), under which a conviction constitutes a violent felony if it "has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" As mentioned above, <u>*Johnson* did not strike this portion of the ACCA</u>. Given that *Johnson* did not invalidate the force clause in §924(e)(2)(B)(i), there is no reason to conclude that the similarly worded clause in §924(c)(3) is unconstitutional.

Additionally, in *McKinney v. United States,* __ WL __ (No. 16-2210) (7th Cir. June 8, 2016), the Seventh Circuit recently spoke on the question of *Johnson*'s applicability to §924(c) convictions premised on federal bank robbery. In *McKinney,* the defendant filed an application seeking authorization to file a

successive motion to vacate under §2255 relying on *Johnson*. Among other things, the defendant sought to challenge his §924(c) convictions for using or carrying a firearm during a crime of violence – the crime of violence being bank robbery under 18 U.S.C. § 2113(a) and (d). In denying authorization, the Seventh Circuit explained as follows:

> Turning next to McKinney's § 924(c) convictions, all three are based on McKinney's use of a firearm while robbing a bank. Federal law defines bank robbery as the taking "by force and violence, or by intimidation," of bank property "from the person or presence of another." 18 U.S.C. § 2113(a). We have defined intimidation as the threatened use of force. United States v. Jones, 932 F.2d 624, 625 (7th Cir. 1991); see United States v. McNeal, 818 F.3d 141, 153 (4th Cir. 2016). <u>Because the elements clause of § 924(c) encompasses crimes that have "as an element the use, attempted use, or threatened use of physical force against the person of another," the classification of federal bank robbery as a crime of violence is unaffected by *Johnson*.</u> *See Jones*, 932 F.2d at 625 (citing elements clause in career-offender guideline in concluding that bank robbery is a crime of violence); *McNeal*, 818 F.3d at 152–56 (concluding that bank robbery is crime of violence under elements clause of § 924(c)(3)); *United States v Presley*, 52 F.3d 64, 69 (4th Cir. 1995) (holding that Virginia robbery statute, which forbids taking by violence or intimidation, includes element of force); *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (concluding that robbery of bank by force and violence or intimidation constitutes crime of violence under elements clause of career- offender guideline).

*McKinney*, *2 (emphasis added).

As set forth in the government's briefing, Immel's 924(c) convictions are both premised on Immel's use of a firearm while robbing a bank. Specifically, Immel's bank robbery convictions were for violation of 18 U.S.C. § 2113(a) and (d). Looking to the code as it existed in 1997, the bank robbery statute stated in relevant part:

>(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association;
>
>    \*\*\*
>
>(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113(a) and (d).

Here, review of paragraphs 1 and 3 of the PSR and Indictment, reveals that the United States proceeded on a theory that the bank robbery involved "force, violence and. . . intimidation," as that phrase is used in § 2113(a).[1] As such, the Seventh Circuit's decision in *McKinney* is dispositive in this case.

### RECRUITMENT OF COUNSEL

One more matter must be addressed: Immel's motion for recruitment of counsel (Doc. 9). A litigant is not entitled to counsel in a federal post-conviction proceeding (*Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Powell v. Davis*, 415 F.3d 722, 727 (7th Cir.2005)), although a district court may appoint or

---

[1] When determining whether an offense constitutes a crime of violence for 924(c)(3) purposes, the Seventh Circuit uses the categorical approach and asks whether the elements of the statute of conviction include the "use, attempted use, or threated use of physical force against the person or property of another." *See Bush v. Pitzer*, 133 F.3d 455, 457 (7th Cir. 1997) (citing *Taylor v. United States,* 495 U.S. 575 (1990) and discussing approach for Section 924(c)(3) convictions); *see also Yang*, 799 F.3d at 752 (discussing categorical approach). If the statute is "divisible," meaning that it lists multiple ways for the prosecution to prove the offense, only some of which are crimes of violence, then the Court may look beyond the statute of conviction to certain other additional documents, including the charging documents, plea agreements, jury instructions, plea and sentencing transcripts. *Yang*, 799 F.3d at 753. The court may not look at the underlying facts of conviction, only the elements. *Id.* at 752-53.

recruit counsel in the interests of justice (18 U.S.C. § 3006A(a)(2)(B)). In this situation, counsel would add little or nothing to the analysis or otherwise serve the interests of justice. For the reasons set forth above, Immel's sentencing enhancement for use of a firearm during a crime of violence – bank robbery – is unaffected by *Johnson.* Therefore, Immel's motion for counsel (Doc. 9) is **DENIED**.

### CERTIFICATE OF APPEALABILITY

Having denied Immel's motion, the Court must grant or deny a certificate of appealability. See Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c). Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. Immel has made no such showing. Therefore, the Court denies a certificate of appealability. Pursuant to Rule 11(a), Immel may not appeal the denial of a certificate of appealability, but he may seek a certificate from the Court of Appeals for the Seventh Circuit.

### CONCLUSION

For the reasons discussed herein, the Court **GRANTS** the motion to withdraw (Doc. 5), **DENIES** Immel's § 2255 motion (Doc. 1), and **DENIES** Immel's motion for recruitment of counsel (Doc. 9). This matter is **DISMISSED**

with prejudice and the Court **DIRECTS** the Clerk of Court to enter judgment accordingly. Further, the Court **DENIES** a certificate of appealability.

    **IT IS SO ORDERED.**

Signed this 19th day of July, 2016.

                                                  Digitally signed by Judge David R. Herndon
                                                  Date: 2016.07.19 17:20:23 -05'00'

                                                        **United States District Judge**