IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN V. IMMEL,

    Petitioner,

vs.                                                          No. 3:16-cv-00522-DRH

UNITED STATES OF AMERICA,

    Respondant.

**ORDER**

**HERNDON, District Judge:**

**INTRODUCTION**

This matter is before the Court on petitioner John V. Immel's *pro se* "addendum" to his closed § 2255 petition (Doc. 12). In this pleading, Mr. Immel seeks relief under § 2255. As a basis for relief, Mr. Immel asserts he has recently discovered evidence demonstrating that one of the banks he pled guilty to robbing was not federally insured. Based on the record and the following, the Court finds that the instant motion (Doc. 12) is not a second or successive unauthorized § 2255 petition. Further, on preliminary review, the Court finds that the asserted basis for relief is untimely and dismisses the claim with prejudice.

Although addressed piecemeal, the Court treats the instant motion (Doc. 12) and the previously asserted *Johnson* claim (Doc. 1) as a single § 2255 petition asserting two grounds for relief. The first ground for relief (Doc. 1) has been denied on the merits (Doc. 10). The second ground for relief (Doc. 12) is denied

herein, on preliminary review, as untimely. Therefore, the entire matter is dismissed with prejudice and an amended judgment will issue.

## INSTANT MOTION AS SECOND OR SUCCESSIVE § 2255 MOTION

The Anti–Terrorism and Effective Death Penalty Act ("AEDPA") prohibits prisoners from filing a second or successive § 2255 motion unless they obtain certification to do so from the court of appeals. See 28 U.S.C. § 2255(h). Absent such authorization, a district court lacks jurisdiction to consider the merits of a subsequent § 2255 motion. At first glance, Immel's "addendum", filed after judgment was entered in his § 2255 petition, appears to constitute an unauthorized second or successive § 2255 petition. However, a review of the record reveals that Immel's original petition (Doc. 1) should not "count" as a § 2255 motion for purposes of applying § 2255's second or successive provision.

Immel's original § 2255 petition stemmed from a letter Immel sent to the Court inquiring about *Johnson v. United States,* 135 S. Ct. 2551 (2015) and asking the Court to appoint counsel regarding the same. While not expressly identified as such, but with little time remaining for a *Johnson* action, [1] the court considered the letter to be the functional equivalent of a motion brought under § 2255 and opened a § 2255 petition on Immel's behalf. In so doing, the Court did

---

[1] On June 26, 2015, the United States Supreme Court held that a portion of the ACCA is unconstitutionally vague. See Johnson v. United States, 135 S. Ct. 2551 (2015). The Seventh Circuit subsequently held that Johnson announced a new rule of constitutional law that is retroactively available to cases on collateral review. *Price v. United States*, 795 F.3d 731 (7th Cir. 2015). As such, despite the age of Immel's case, his Johnson claim was timely under 28 U.S.C. § 2255(f)(3) (section 2255 motions must be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."). However, the deadline for asserting a *Johnson* claim was rapidly approaching.

not warn Immel about the consequences of this recharacterization and did not give Immel a chance to withdraw his petition. Although the Court was attempting to act in Immel's best interest, the Court should have provided Immel with these warnings. *See Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003).

Seventh Circuit jurisprudence indicates that, under these circumstances, Immel's recharacterized § 2255 petition is not considered a § 2255 motion for purposes of triggering the law's restrictions on second or successive petitions. *See Williams v. United States*, 366 F.3d 438 (7th Cir. 2004) (per curiam). Thus, the instant motion (Doc. 12), which expressly seeks relief under § 2255, is not required to be certified by the U.S. Court of Appeals for the Seventh Circuit prior to consideration by this Court and the Court proceeds with a preliminary review of Immel's claims.

## BACKGROUND

In September 1997, Jon V. Immel was arrested for armed robberies of the United Missouri Bank (UMB) and the Centralia Savings Bank in southern Illinois. On the eve of trial, he pleaded guilty to two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a),(d); two counts of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1); and one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1).

On November 20, 1998, at a time when the sentencing guidelines were binding and mandatory, the late Judge Riley sentenced Immel to a total term of

363 months. (Crim. Docket 58, 62). Judge Riley imposed concurrent sentences of 63 months, the guideline minimum, for the two armed bank robberies and the firearm possession. However, the violations of § 924(c) carried mandatory minimum sentences. As to these counts, Judge Riley sentenced Immel to statutory-minimum consecutive sentences for both § 924(c) offenses, five years for the first, and 20 years for the second. *U.S. v. Immel*, 215 F.3d 1331 (7th Cir. 2000).

Immel's direct appeal was dismissed after defense counsel filed an *Anders* brief. *Id.* One argument raised on appeal was that because UMB is a self-insured bank, Immel could not have violated § 2113 which only applies to institutions that are federally insured. In rejecting this argument, the Seventh Circuit explained as follows:

> Immel mistakenly believes that UMB is self-insured due to some information in the Presentencing Report that he misunderstood. At the sentencing hearing, the government proffered that had there been a trial it would have offered the testimony of UMB's vice-president and the FDIC certificate as proof that the bank was federally insured at the time of the robbery. We have held that such evidence is sufficient to prove the federally insured element of the crime. Thus, as counsel concluded, an appeal on this basis would be frivolous.

*Id.* (internal citations removed).

On May 11, 2016, the Court received a letter from Immel seeking relief under *Johnson v. United States,* 135 S. Ct. 2551 (2015) and asking the Court to appoint counsel regarding the same. As noted above, while not expressly identified as such, but with little time remaining for a *Johnson* action, the court considered the letter to be the functional equivalent of a motion brought under §

2255 and opened a § 2255 petition on Immel's behalf. In so doing, the Court did not warn Immel about the consequences of this recharacterization and did not give Immel a chance to withdraw his petition.

Pursuant to Administrative Order 176, the Court appointed the Federal Public Defender ("FPD") to represent Immel (Doc. 2). The FPD was directed to file an amended complaint within 45 days of entering an appearance in the matter. On May 17, 2016, AFPD David Brengle entered his appearance on behalf of Immel (Doc. 4).  Thereafter, AFPD Brengle filed a motion to withdraw as attorney stating Immel does not have a valid *Johnson* claim because he was not sentenced as an armed career criminal or as a career offender (Doc. 5). The United States agreed with AFPD Brengle's assessment and his concession that Immel's petition for *Johnson* relief should be denied. Additionally, the government argued that, because Bank Robbery (18 U.S.C. § 2113) is undeniably a "crime of violence" under Seventh Circuit precedent, Immel's application should be denied. Immel was permitted an opportunity to respond (Doc. 9). On July 21, 2016, the Court dismissed Immel's § 2255 petition with prejudice, concluding that Immel was not entitled to relief under *Johnson* (Doc. 10). Judgment was entered that same day (Doc. 11).[2]

Thereafter, Immel filed the subject pleading arguing, he has recently discovered evidence demonstrating that the UMB Bank was not federally insured at the time of the robbery and that he is entitled to relief under § 2255.

---

[2] An amended judgment was entered on August 30, 2016 for the purpose of correcting a clerical error (Doc. 13).

**DISCUSSION**

Pursuant to 28 U.S.C. § 2255 and Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS, the Court has reviewed petitioner's filing to determine whether he might be entitled to relief. For procedural reasons, the Court determines that he is not.

28 U.S.C. § 2255(f) imposes a one year period of limitations upon the filing of a motion attacking a sentence imposed under federal law. This period generally begins to run on the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). In the instant case, that deadline has long since passed. Alternatively, as is relevant here, the time can run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255(f)(4).

In the instant case, on August 1, 2016, approximately 17 years after his conviction, Immel submitted a letter of inquiry to the FDIC asking if "the United States Missouri Bank of O'Fallon, Illinois (or 'UMB Bank' of O'Fallon) was insured by, and/or a member bank, of the Federal Deposit Insurance Corporation (FDIC) on or about the 21st day of August, 1997." On August 22, 2016, the FDIC responded as follows: "Our records do not indicate the existence of United States Missouri Bank of O'Fallon, Illinois or UMB Bank of O'Fallon. However, there are two similarly named banks in our system. The Bank of O'Fallon, O'Fallon, Illinois has been insured by the FDIC since March 28, 1960, and UMB Bank, National Association, Kansas City, Missouri, has been insured since January 1, 1934."

Immel does not even come close to establishing due diligence as contemplated under § 2255(f). Here, Immel waited approximately 17 years to write a simple letter of inquiry to the FDIC. Surely, Immel (or his counsel) could have submitted such a letter some time before August 1, 2016. Moreover, even if Immel could establish due diligence, the response from the FDIC does not establish that the subject UMB bank is not federally insured. It merely establishes that the institution names provided by Immel do not match records in the FDIC system. Additionally, this matter was considered during Immel's direct appeal. As explained by the Seventh Circuit, the government proffered that it had evidence (testimony of UMB's vice-president and the FDIC certificate) proving the bank was federally insured at the time of the robbery.

For the reasons discussed above, the Court cannot consider Immel's arguments on the merits and Immel's § 2255 petition (Doc. 12) is denied as untimely.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; he may appeal only those issues for which a certificate of appealability have been granted. *See Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability

only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Id*. (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Where a district court denies a habeas petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 485.

Reasonable jurists could not debate that the petition should have been resolved in a different manner. Reasonable jurists would not debate that the petition does not state a valid claim of the denial of a constitutional right, nor would they debate that the petition is untimely. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

## CONCLUSION

For the aforementioned reasons, Jon V. Immel's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 12) is **DENIED** as untimely, and the Court shall not issue a certificate of appealability. The Court

**DIRECTS** the Clerk of the Court to enter an amended judgment reflecting the instant denial and the Court's prior order of dismissal (Doc. 10).

**IT IS SO ORDERED.**

Signed this 23rd day of September, 2016.

Digitally signed by
Judge David R. Herndon
Date: 2016.09.23
02:58:04 -05'00'

**United States District Judge**